IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MINT SOLAR, LLC, a Utah limited liability company, and KNIGHT WEST CONSTRUCTION, INC., a Utah corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BART SAVAGE, an individual, AARON HALDERMAN, an individual, OLIVIA BLACK, an indivdual, PRIZM ENERGY LLC, a Utah limited liability company, PRIZM ENTERPRISES, LLC, a Utah limited liabilty company, PRIZM HOME LLC, a Utah limited liability company, and DOES 1-10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR ORDER TO SHOW CAUSE<br><br><br>Case Number 2:18-CV-569 TS<br><br>District Judge Ted Stewart |
| BART J. SAVAGE, an individual, AARON HALDERMAN, an individual, OLIVIA BLACK, an individual, PRIZM ENERGY, LLC a Utah limited liability company,<br><br>Cross-Complainants,<br><br>v.<br><br>SCOTT SHUMWAY, an individual; SPENCER SHUMWAY, an individual; SIMON KEOGH, an individual; COLTON CHESTNUT, an individual; BYRON SMITH, an individual; BLAINE THATCHER, an individual; BRENDAN HAYS, an individual; TOMAS REYES, an individual; KNIGHT WEST CONSTRUCTION, INC., a Utah Corporation; MINT ENERGY, LLC, a Utah limited liability company; and MNT HOLDINGS, INC., nominally, and ROES 1-100.<br><br>Cross-Defendants. | |

1

This matter is before the Court on Plaintiffs' Motion for an Order to Show Cause. Plaintiffs request the Court enter an order directing Defendants to show cause why they should not be held in contempt. Plaintiffs also seek a sanction of $500 per day for each day Defendants fail to comply with a previously entered state-court order, along with their attorney's fees and costs in bringing this Motion. For the reasons discussed below, the Court will deny the Motion.

## I. BACKGROUND

This matter originated in state court. On July 2, 2018, the state court entered a Temporary Restraining Order ("TRO"). Among other things, the TRO required Defendants to preserve and deliver a copy of all sales records, financial statements, customer information, and electronic information and metadata within seven days of the TRO, or by July 9, 2018.

The parties do not dispute that Defendants failed to comply with the TRO by July 9, 2018. However, Defendants represent that, on August 10, 2018, they delivered to Plaintiffs' counsel all records in their possession pursuant to the terms of the TRO.

## II. DISCUSSION

"In a civil contempt case, the party seeking a citation of contempt bears a heavy burden."[1] To prevail on a claim of civil contempt, a plaintiff must demonstrate the following elements by clear and convincing evidence: "(1) a valid court order existed; (2) the defendant had knowledge of the order; and (3) the defendant disobeyed the order."[2]

The parties dispute whether a valid court order existed. The Court need not ultimately determine the validity of the TRO. Even assuming Plaintiffs could meet their substantial burden,

---

[1] *Equifax Servs., Inc. v. Hiltz*, 968 F.2d 1224, at *13 (10th Cir. July 9, 1992) (unpublished table decision).

[2] *Phone Directories Co., Inc. v. Clark*, 209 F. App'x 808, 813 (10th Cir. 2006).

2

"it is a defense to a claim of civil contempt if the Defendant takes all reasonable steps and substantially complies with the court order."[3] In their Opposition, Defendants describe the efforts taken to comply with the TRO and state that they have now provided all of the documentation required by that order.

Having reviewed the evidence submitted, the Court finds that Defendants took all reasonable steps and substantially complied with the TRO. After Defendants received notice of the TRO, they worked to obtain counsel, identify the records that were subject to the TRO, and furnished those records to their counsel who turned them over to Plaintiffs. At this point, there is no evidence to suggest that Defendants' production was somehow deficient. While Defendants failed to meet the deadline for production established by the TRO, Defendants took all reasonable steps to comply with that order and have now apparently done so, thereby absolving them of their contempt.

Even if Plaintiffs could demonstrate that Defendants were in contempt, the Court declines to impose the penalty requested by Plaintiffs. Plaintiffs initially requested a sanction of $500 per day until Defendants comply with the TRO. However, given Defendants' apparent compliance, Plaintiffs have narrowed their request to recovery of their attorney's fees and costs associated with bringing this Motion.

"A district court has broad discretion in using its contempt power to require adherence to court orders."[4] "Sanctions for civil contempt may only be employed for either or both of two distinct remedial purposes: (1) to compel or coerce obedience to a court order . . . ; and (2) to

---

[3] *Spectra Sonic Aviation, Inc. v. Ogden City*, 931 F.2d 63, at *2 (10th Cir. 1991) (unpublished table decision).

[4] *United States v. Riewe*, 676 F.2d 418, 421 (10th Cir. 1982).

3

compensate the contemnor's adversary for injuries resulting from the contemnor's noncompliance."[5]

The first type of sanction is not at issue here. "[B]ecause coercive sanctions seek to avoid the harm threatened by continued contumacy, the sanctions can remain only until the contemnor complies with the order."[6] As Defendants appear to have complied with the TRO, no coercive sanction is justified here.

Next, the Court considers whether a sanction is required to compensate for Plaintiffs' injuries due to Defendants' noncompliance. "[I]f a fine is imposed for compensatory purposes, the amount of the fine must be based upon the complainant's actual losses sustained as a result of the contumacy."[7] "[S]anctions for a civil contempt may include attorney's fees and costs."[8]

Considering the facts of this case, the Court declines to impose sanctions for Defendants' failure to comply with the TRO in the time frame established by the state court. As detailed in their Opposition, Defendants worked diligently to verify the validity of the state court proceedings, obtain counsel, search for and gather the relevant documentation, and provide it to Plaintiff. While the Court appreciates Plaintiffs' frustration with Defendants' failure to timely comply, it appears that this issue could have been quickly and easily resolved without the need for Court intervention. Therefore, the Court declines to impose sanctions at this time.

---

[5] *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992) (internal quotation marks and citations omitted).

[6] *Acosta v. Paragon Contractors Corp.*, 884 F.3d 1225, 1239 (10th Cir. 2018) (internal quotation marks and citations omitted).

[7] *O'Connor*, 972 F.2d at 1211 (internal quotation marks and citations omitted).

[8] *In re Skinner*, 90 B.R. 470, 479 (D. Utah 1988); *see also Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978) ("Of course, fees can also be awarded as part of a civil contempt penalty.").

## III. CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion for an Order to Show Cause (Docket No. 7) is DENIED. It is further

ORDERED that the parties must comply with Paragraph 2 of the Order to Propose Schedule (Docket No. 6) by either filing a jointly signed Attorney Planning Meeting Report or a Motion for Initial Scheduling Conference within seven (7) days of this Order. Failure to comply may result in sanctions, up to and including, terminating sanctions.

DATED this 4th day of September, 2018.

BY THE COURT:

_____
Ted Stewart
United States District Judge