IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MINT SOLAR, LLC, a Utah limited liability company, and KNIGHT WEST CONSTRUCTION, INC., a Utah corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BART SAVAGE, an individual, AARON HALDERMAN, an individual, OLIVIA BLACK, an indivdual, PRIZM ENERGY LLC, a Utah limited liability company, PRIZM ENTERPRISES, LLC, a Utah limited liabilty company, PRIZM HOME LLC, a Utah limited liability company, and DOES 1-10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO RECONSIDER<br><br><br>Case Number 2:18-CV-569 TS<br><br>District Judge Ted Stewart |
| BART J. SAVAGE, an individual, AARON HALDERMAN, an individual, OLIVIA BLACK, an individual, PRIZM ENERGY, LLC a Utah limited liability company,<br><br>Cross-Complainants,<br><br>v.<br><br>SCOTT SHUMWAY, an individual; SPENCER SHUMWAY, an individual; SIMON KEOGH, an individual; COLTON CHESTNUT, an individual; BYRON SMITH, an individual; BLAINE THATCHER, an individual; BRENDAN HAYS, an individual; TOMAS REYES, an individual; KNIGHT WEST CONSTRUCTION, INC., a Utah Corporation; MINT ENERGY, LLC, a Utah limited liability company; and MNT HOLDINGS, INC., nominally, and ROES 1-100.<br><br>Cross-Defendants. | |

This matter is before the Court on Plaintiffs' Motion to Reconsider. For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Plaintiffs' Complaint asserts ten causes of action. Relevant here, Plaintiff's eighth cause of action is brought under Utah Code Ann. § 13-11a-1, Utah's Truth in Advertising Act. In its Memorandum Decision and Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, the Court dismissed this cause of action mistakenly believing that Plaintiff had attempted to assert a claim under Utah Code Ann. § 13-11-1, the Utah Consumer Sales Practices Act. Plaintiffs now seek to correct the Court's error.

II. DISCUSSION

"[T]he Federal Rules of Civil Procedure do not recognize that creature known all too well as the 'motion to reconsider' or 'motion for reconsideration.'"[1] However, "a district court always has the inherent power to reconsider its interlocutory rulings" and is encouraged "to do so where error is apparent."[2] "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[3] "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[4]

---

[1] *Warren v. Am. Bankers Ins. of Fla.*, 507 F.3d 1239, 1243 (10th Cir. 2007).

[2] *Id.*

[3] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[4] *Id.*

In this instance, the Court misapprehended Plaintiff's eighth cause of action and, by doing so, committed clear error. The Court dismissed Plaintiffs' claim, believing it to be brought under the Utah Consumer Sales Practices Act. Because that Act only provides a private right of action to a consumer when an act or practice violates the provision of the Act,[5] the Court dismissed this cause of action since Plaintiffs are not consumers under the Act. However, Plaintiffs did not assert a claim under the Utah Consumer Sales Practices Act, but rather brought a claim under the Truth in Advertising Act. Based upon this misunderstanding of Plaintiffs' claim, reconsideration is appropriate.

Despite the Court's error, Defendants nevertheless maintain that dismissal is appropriate. Defendants argue that the Truth in Advertising Act should be limited to consumers in the same way as the Utah Consumer Sales Practices Act. Defendants' argument ignores the difference in language between the two provisions. While the Utah Consumer Sales Practices Act specifically limits private actions to consumers, the Truth in Advertising Act does not. Rather, the Truth in Advertising Act allows "[a]ny person" to "maintain an action to enjoin a continuance of any act in violation of this chapter and, if injured by the act, for the recovery of damages."[6] The term "person" is broadly defined to include "an individual, including a consumer, corporation, government, or governmental subdivision or agency, business trust, estate, trust, partnership, unincorporated association, two or more of any of the foregoing having a joint or common interest, or any other legal or commercial entity."[7] Thus, while a consumer may bring a claim under both provisions, the Truth in Advertising Act is not limited to consumer-based actions.

---

[5] Utah Code Ann. § 13-11-19.

[6] *Id.* 13-11a-4(2)(a).

[7] *Id.* 13-11a-2(7).

Defendants also argue Plaintiffs' eighth cause of action is duplicative of its ninth cause of action under the Unfair Competition Act. While there may be instances of overlap between these Acts, they each prohibit distinct conduct and contain unique requirements. Further, Defendants' argument ignores an explicit provision in the Truth in Advertising Act, which provides that "[t]he remedies of this section are in addition to remedies otherwise available for the same conduct under state or local law."[8] Thus, even if Plaintiffs' eighth and ninth causes of action cover the same conduct, Plaintiffs retain the ability to assert both claims.

III.  CONCLUSION

It is therefore

ORDERED that Plaintiffs' Motion to Reconsider (Docket No. 35) is GRANTED. Plaintiffs' eighth cause of action is reinstated.

DATED this 14th day of December, 2018.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[8] *Id.* § 13-11a-4(4).