IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MINT SOLAR, LLC, a Utah limited liability company, and KNIGHT WEST CONSTRUCTION, INC., a Utah corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BART SAVAGE, an individual, AARON HALDERMAN, an individual, OLIVIA BLACK, an indivdual, PRIZM ENERGY LLC, a Utah limited liability company, PRIZM ENTERPRISES, LLC, a Utah limited liabilty company, PRIZM HOME LLC, a Utah limited liability company, and DOES 1-10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER ON PENDING MOTIONS<br><br>Case Number 2:18-CV-569 TS<br><br>District Judge Ted Stewart |
| BART J. SAVAGE, an individual, AARON HALDERMAN, an individual, OLIVIA BLACK, an individual, PRIZM ENERGY, LLC a Utah limited liability company,<br><br>Cross-Complainants,<br><br>v.<br><br>SCOTT SHUMWAY, an individual; SPENCER SHUMWAY, an individual; SIMON KEOGH, an individual; COLTON CHESTNUT, an individual; BYRON SMITH, an individual; BLAINE THATCHER, an individual; BRENDAN HAYS, an individual; TOMAS REYES, an individual; KNIGHT WEST CONSTRUCTION, INC., a Utah corporation; MINT ENERGY, LLC, a Utah limited liability company; and MNT HOLDINGS, INC., nominally, and ROES 1-100.<br><br>Cross-Defendants. | |

This matter is before the Court on a Motion for Entry of Default and Dismissal filed by Plaintiffs, Counterclaim Defendants, and Third-Party Defendants (collectively, "Plaintiffs"). Also before the Court is a Written Statement and Request for Case Dismissal submitted by Defendant Bart Savage.[1] For the reasons discussed below, the Court will deny Plaintiffs' Motion and Defendant's request for dismissal.

Plaintiffs Mint Solar, LLC ("Mint") and Knight West Construction, Inc. ("Knight") initially filed this action in state court against Defendants Bart Savage, Aaron Halderman, Olivia Black, Prizm Enterprises, LLC and Prizm Home LLC (collectively, "Defendants"). Defendants removed this action to this Court on July 17, 2018. On July 24, 2018, Defendants filed a Cross-Complaint.

On September 10, 2018, Defendants filed a motion to dismiss, seeking dismissal of all of Plaintiffs' claims. The Court denied that motion on November 13, 2018.[2]

After the motion to dismiss was denied, the parties agreed to multiple extensions for Defendants to file their answer. However, no answer has ever been filed.

On April 9, 2019, Defendants' counsel sought to withdraw. On April 15, 2019, the Court granted counsel's motion. As part of the Court's order, the Court directed Defendants to file a notice of substitution of counsel or a notice of appearance within twenty-one days. Defendants were further advised that the entity Defendants must be represented by an attorney. Defendants were warned that failure to comply could result in sanctions, including dismissal or default.

---

[1] Mr. Savage purports to file his Written Statement and Request for Case Dismissal on behalf of himself and Defendant Aaron Halderman. However, Mr. Savage cannot represent or act for Mr. Halderman. Therefore, the Court will consider the submission only as it relates to Mr. Savage.

[2] The Court initially dismissed Plaintiffs' eighth cause of action, but later reinstated it after a motion to reconsider was filed by Plaintiffs. *See* Docket No. 40.

Defendants failed to comply with this order. While Defendant Olivia Black sought and received an extension of time to file a notice of appearance or notice of substitution of counsel, the extended time for her to do so has expired. Thus, no Defendant has complied with the Court's order, though Defendant Savage has filed an untimely answer.

Plaintiffs bring their Motion seeking default pursuant to Fed. R. Civ. P. 55 and dismissal based on Defendants' failure to comply with the Court's order.[3] The Court agrees with much of what is contained in Plaintiffs' Motion and could justifiably enter default against Defendants and dismiss their counterclaims and third-party claims. However, given the history of this case and the pro se status of Defendants, the Court will afford Defendants one last opportunity to come into compliance with the Court's orders and participate in this litigation. Therefore, the Court will allow Defendants an additional fourteen (14) days from the date of this Order to file a notice of substitution of counsel or a notice of appearance. Defendants are again notified that they may not represent the entity Defendants pro se. Rather, those Defendants must be represented by an attorney who is admitted to practice law in this Court. Moreover, Defendants may not represent any other Defendant and may not attempt to file documents on their behalf. Additionally, Defendants must each file an Answer within fourteen (14) days of this Order. Failure to comply with these requirements will result in sanctions, up to and including default and dismissal.

Also before the Court is a Written Statement and Request for Case Dismissal filed by Defendant Savage. Defendant essentially asks the Court to dismiss this case. However, he provides no basis for doing so. To the extent that he is seeking dismissal of Defendants'

---

[3] Because Defendant Black had sought and received an extension, Plaintiffs did not seek default and dismissal as to her. However, as stated, Ms. Black has failed to comply with the Court's order and the extended time for doing so has expired.

counterclaim and third-party claims, his request fails to satisfy the requirements of Fed. R. Civ. P. 41. As a result, his request must be denied.

It is therefore

ORDERED that Plaintiffs' Motion for Entry of Default and Dismissal (Docket No. 48) is DENIED WITHOUT PREJUDICE. It is further

ORDERED that Bart Savage's Written Statement and Request for Case Dismissal (Docket No. 52) is DENIED.

Defendants are ordered to comply with the terms of this Order within fourteen (14) days. Failure to do so will result in sanctions, up to and including default and dismissal.

DATED this 17th day of June, 2019.

BY THE COURT:

_____
Ted Stewart
United States District Judge