IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MINT SOLAR, LLC, a Utah limited liability company, and KNIGHT WEST CONSTRUCTION, INC., a Utah corporation,<br><br>Plaintiffs,<br><br>v.<br><br>BART SAVAGE, an individual, AARON HALDERMAN, an individual, OLIVIA BLACK, an indivdual, PRIZM ENERGY LLC, a Utah limited liability company, PRIZM ENTERPRISES, LLC, a Utah limited liabilty company, PRIZM HOME LLC, a Utah limited liability company, and DOES 1-10,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING RENEWED MOTION FOR ENTRY OF DEFAULT AND DISMISSAL<br><br><br>Case Number 2:18-CV-569 TS<br><br>District Judge Ted Stewart |
| BART J. SAVAGE, an individual, AARON HALDERMAN, an individual, OLIVIA BLACK, an individual, PRIZM ENERGY, LLC a Utah limited liability company,<br><br>Cross-Complainants,<br><br>v.<br><br>SCOTT SHUMWAY, an individual; SPENCER SHUMWAY, an individual; SIMON KEOGH, an individual; COLTON CHESTNUT, an individual; BYRON SMITH, an individual; BLAINE THATCHER, an individual; BRENDAN HAYS, an individual; TOMAS REYES, an individual; KNIGHT WEST CONSTRUCTION, INC., a Utah corporation; MINT ENERGY, LLC, a Utah limited liability company; and MNT HOLDINGS, INC., nominally, and ROES 1-100.<br><br>Cross-Defendants. | |

This matter is before the Court on a Renewed Motion for Entry of Default and Dismissal filed by Plaintiffs, Counterclaim Defendants, and Third-Party Defendants (collectively, "Plaintiffs"). For the reasons discussed below, the Court will grant Plaintiffs' Motion.

Plaintiffs Mint Solar, LLC ("Mint") and Knight West Construction, Inc. ("Knight") initially filed this action in state court against Defendants Bart Savage, Aaron Halderman, Olivia Black, Prizm Enterprises, LLC and Prizm Home LLC (collectively, "Defendants"). Defendants removed this action to this Court on July 17, 2018. On July 24, 2018, Defendants filed a Cross-Complaint.

On September 10, 2018, Defendants filed a motion to dismiss, seeking dismissal of all of Plaintiffs' claims. The Court denied that motion on November 13, 2018.[1]

After the motion to dismiss was denied, the parties agreed to multiple extensions for Defendants to file their answer.

On April 9, 2019, prior to an answer being filed, Defendants' counsel sought to withdraw. On April 15, 2019, the Court granted counsel's motion. As part of the Court's order, the Court directed Defendants to file a notice of substitution of counsel or a notice of appearance within twenty-one days. Defendants were further advised that the entity Defendants must be represented by an attorney. Defendants were warned that failure to comply could result in sanctions, including dismissal or default.

Defendants failed to comply with this order. Defendant Olivia Black sought and received an extension of time to file a notice of appearance or notice of substitution of counsel but failed to do so. Defendant Savage and Halderman both filed untimely answers.

---

[1] The Court initially dismissed Plaintiffs' eighth cause of action, but later reinstated it after a motion to reconsider was filed by Plaintiffs. *See* Docket No. 40.

On May 9, 2019, Plaintiffs filed a motion seeking the entry of default against all Defendants except Ms. Black and the dismissal of their counterclaims and third-party claims. The Court denied that motion without prejudice to "afford Defendants one last opportunity to come into compliance with the Court's orders and participate in this litigation."[2] The Court allowed an additional fourteen (14) days to file a notice of substitution of counsel or a notice of appearance. While, as noted, Defendants Savage and Halderman have filed untimely answers, none of the remaining Defendants have complied with the Court's Order.

Plaintiffs now file the instant Motion. Plaintiffs request the Court enter default against Defendants, Counterclaimants, and Third-party Plaintiffs Prizm Energy LLC, Prizm Enterprises, LLC, Prizm Home LLC (collectively, the "Prizm Entities") and to dismiss their counterclaims and third-party claims based on their failure to comply. Plaintiffs originally sought default against Ms. Black but have since withdrawn this request and she has been dismissed from this action.[3]

Plaintiffs move for default judgment and dismissal as a result of the Prizm Entities failure to comply with the Court's Order. Federal Rule of Civil Procedure 16(f)(1)(c) provides that a court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a . . . pretrial order."[4] Rule 37(b)(2)(A) referenced in Rule 16(f)(1)(c) provides for sanctions including:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;

---

[2] Docket No. 54, at 3

[3] *See* Docket Nos. 59, 61. Plaintiffs do not seek default against Defendants Savage and Halderman and do not seek dismissal of the claims brought by them.

[4] FED. R. CIV. P. 16(f)(1)(c).

3

(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.[5]

When determining the proper sanction, a court must consider a number of factors, including: (1) the degree of actual prejudice to the plaintiff; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal or default judgment of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[6]

"[D]ismissal or other final disposition of a party's claim 'is a severe sanction reserved for the extreme case, and is only appropriate where a lesser sanction would not serve the ends of justice.'"[7] "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal [or default judgment] an appropriate sanction."[8] Furthermore, the *Ehrenhaus* factors listed above are not "a rigid test; rather, they represent criteria for the district court to consider [before] imposing dismissal as a sanction."[9] The Court considers each factor below.

---

[5] FED. R. CIV. P. 37(b)(2)(A)(ii)-(vii).

[6] *See Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992).

[7] *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (quoting *Hancock v. City of Okla. City*, 857 F.3d 1394, 1396 (10th Cir. 1988)).

[8] *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988) *abrogated on other grounds by Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760 (10th Cir. 2016)).

[9] *Id.*; *see also Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) ("The *Ehrenhaus* factors are simply a non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always be a discretionary function."); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005) (describing *Ehrenhaus* factors as "not exhaustive, nor . . . equiponderant"); *Archibeque v. Atchison, Topeka & Santa Fe Ry. Co.*, 70 F.3d 1172, 1174 (10th Cir. 1995) ("[D]etermining the correct sanction is a fact specific inquiry that the district court is in the best position to make.").

1. *Degree of actual prejudice to Plaintiff.*

The Court finds that Plaintiffs have been prejudiced by the Prizm Entities failure to appear and properly participate in this action. Prejudice may be inferred from delay, uncertainty, and rising attorney's fees.[10] Plaintiffs have faced many delays since filing their Complaint. These delays have certainly hampered Plaintiffs' ability to obtain resolution to their Complaint, and this factor weighs in favor of default judgment and dismissal.

2. *Amount of interference with the judicial process.*

The Court finds that the Prizm Entities actions have interfered with the judicial process, effectively halting its ability to proceed with regard to these Defendants. Not only have the Prizm Entities failed to appoint counsel, they have failed to respond to the Court's Order in any way. This clearly suggests that they have no intention to participate any further in this matter. This factor, therefore, also weighs in favor of default judgment and dismissal.

3. *Litigant's culpability.*

The Prizm Entities culpability is evident in its failure to respond to the Court despite court order and multiple warnings. The Tenth Circuit has articulated that while dismissal and default judgment are "drastic sanction[s], [they are] appropriate in cases of willful

---

[10] *Faircloth v. Hickenlooper*, 758 F. App'x 659, 662 (10th Cir. 2018) (unpublished); *Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993); *see also Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 886 F.3d 852, 860 (10th Cir. 2018) (finding substantial prejudice when defendant "sparked months of litigation" and "wasted eight months of litigation"); *Riviera Drilling & Expl. Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 93 (10th Cir. 2011) (unpublished) (upholding district court's finding that "delay would prolong for the defendants the substantial uncertainty faced by all parties pending litigation") (internal quotation marks omitted).

misconduct."[11] It has further defined a "'willful failure' to mean 'any intentional failure as distinguished from involuntary noncompliance. No wrongful intent need be shown.'"[12] As noted above, the Prizm Entities first failed to obey this Court's April 15, 2019 order to appoint counsel within twenty-one days.[13] The Prizm Entities further failed to appoint counsel after this Court ordered it to do so within fourteen days of June 17, 2019.[14] The Court finds that these are intentional failures. This factor weighs in favor of default judgment and dismissal.

> 4. *Whether Court warned noncomplying litigant that default judgment was likely sanction.*

The Court has provided abundant warnings to the Prizm Entities that their failure to obey the Court's orders may result in default judgment. They were first so warned on April 15, 2019, when the Court ordered it to appoint counsel, explaining that failure to do so could result in "sanctions pursuant to the Federal Rules of Civil Procedure 16(f)(1), including but not limited to dismissal or default judgment."[15] The Court reiterated this warning in its June 17, 2019 order.[16] This factor weighs heavily in favor of default judgment and dismissal.

> 5. *Efficacy of lesser sanctions.*

The Court finds that any lesser sanctions would be inadequate. The Prizm Entites have failed to respond or participate in this litigation in any way since its counsel was permitted to

---

[11] *Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 407 (10th Cir. 2002) (citing *Ehrenhaus*, 965 F.2d at 920).

[12] *Id.* (quoting *Sheftelman v. Standard Metals Corp.,* 817 F.2d 625, 628–29 (10th Cir. 1987).

[13] *See* Docket No. 44.

[14] *See* Docket No. 54.

[15] Docket No. 44, at 1.

[16] Docket No. 54.

withdraw on May 9, 2019, and there is no indication that they intend to do so.  This factor, again, weighs in favor of default judgment and dismissal.

Considering all the factors above, the Court finds that default judgment and dismissal is appropriate.

It is therefore

ORDERED that Plaintiffs' Renewed Motion for Entry of Default and Dismissal (Docket No. 57) is GRANTED.  Default judgment is entered against the Prizm entities and their counterclaims and third-party claims are dismissed.

DATED this 9th day of December, 2019.

BY THE COURT:

_____
Ted Stewart
United States District Judge